IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

MACK TRANSOU                    )
                                )
    v.                          )   NO. 1:04-0110
                                )
WARDEN KEVIN MYERS, et al.      )

TO: Honorable Thomas A. Higgins, Senior District Judge

## R E P O R T   A N D   R E C O M M E N D A T I O N

By order entered November 29, 2004 (Docket Entry No. 3), the Court referred this prisoner civil rights action to the Magistrate Judge for pretrial management pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the defendants' motion to dismiss (filed June 30, 2005; Docket Entry No. 39), to which the plaintiff has filed a response in opposition[1] (filed July 8, 2005; Docket Entry No. 45). The defendants have filed a reply (filed July 22, 2005; Docket Entry No. 49).

---

[1] Although the plaintiff's filing is styled as "Motion to proceed with amended complaint, and motion asking the honorable court to order counsel of record to stop procrastinating with scheduling order on merit," the filing is essentially the plaintiff's response to the motion to dismiss and will be treated as such by the Court.

Also before the Court are the plaintiff's motion for partial summary judgment (filed July 8, 2005; Docket Entry No. 46),[2] and motion for a temporary restraining order (filed July 8, 2005; Docket Entry No. 47).

For the reasons set out below, the Court recommends that the defendants' motion to dismiss be granted, the plaintiff's motions be denied, and this action be dismissed.

## I. BACKGROUND

The plaintiff, an inmate of the Tennessee Department of Correction ("TDOC") confined at the South Central Correctional Center ("SCCC"), filed this action on November 22, 2004. He seeks damages and other relief under 42 U.S.C. § 1983 based on allegations that his constitutional rights were violated at the SCCC. He later filed an amended complaint (Docket Entry No. 34) clarifying his claims and the names of the defendants sued in the action.

The plaintiff alleges that, on August 12, 2004, he was subjected to unnecessary and excessive force when correctional officer Sean Brantley tripped him while escorting him. The plaintiff asserts that he was in restraints with his hands handcuffed behind him at the time. The plaintiff alleges that he fell to the floor as a result of Brantley's action and injured his

---

[2] The defendants' have filed a motion (filed July 22, 2005; Docket Entry No. 50) for an extension of time to respond to the plaintiff's partial summary judgment motion. As set out herein, the Court finds the defendants' response to be unnecessary to resolution of this action.

2

shoulder. The plaintiff asserts that SCCC employees Raye Carnes, Grady Perry, Robert Coble, Charles Godfrey, and Lester Lewis all had some form of contact with him during the next few weeks and knew of his injury but failed to ensure that he received proper medical treatment. The plaintiff further alleges that he received a prison disciplinary write-up as a result of the incident with Brantley and that his due process rights were violated by the disciplinary procedures.[3]

A scheduling order (Docket Entry No. 22) and revised scheduling order (Docket Entry No. 42) have been entered, and the defendants have filed an answer (Docket Entry No. 36) to the amended complaint.

## II. MOTION TO DISMISS

The defendants argue that the plaintiff has not exhausted his administrative remedies for any of the claims he has asserted in this action as required by 42 U.S.C. § 1997e(a). They contend that the plaintiff has neither outlined in his amended complaint his attempts to administratively exhaust his claims nor attached to his amended complaint copies of paperwork showing exhaustion of his administrative remedies. In a notice of filing (filed July 22, 2005; Docket Entry No. 51) submitted after their motion, the defendants submit a partial transcript of the plaintiff's deposition in which he testified that he chose not to file a

---

[3] The amended complaint also names Kevin Myers and Sonya Hefner as defendants. However, the complaint contains no factual allegations regarding these two defendants.

3

grievance based on the allegations at issue against any of the defendants prior to filing his Section 1983 lawsuit. See attachment to Docket Entry No. 51. As such, the defendants assert that Section 1997e(a) requires that this action be dismissed.

In his response, the plaintiff essentially argues that the administrative grievance procedures at the SCCC are not being followed and that filing grievances at the SCCC is futile. He contends that this fact coupled with the defendants' violation of his constitutional rights should excuse him from the exhaustion requirement.[4]

The defendants' motion should be granted and this action be dismissed because of the plaintiff's failure to exhaust his available administrative remedies. 42 U.S.C. § 1997e(a) states that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

This provision has been interpreted by the Sixth Circuit Court of Appeals to require a prisoner plaintiff to pursue any available administrative remedies regardless of the unlikelihood of achieving success through administrative means or of the impossibility of obtaining the same type of relief available through a lawsuit. See Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998); White v.

---

[4] Although partial copies of a grievance proceeding were attached to the original complaint, these copies are from grievances filed on matters unrelated to those at issue in this action. See attachments to Docket Entry No. 1; and Docket Entry No. 45.

4

McGinnis, 131 F.3d 593, 195 (6th Cir. 1997). The burden is on the plaintiff to allege and show that he has complied with the exhaustion requirement. Brown, 139 F.3d at 1104. The clear rule of the Sixth Circuit is that all claims brought by a prison inmate based on alleged violations of his constitutional rights arising out of his incarceration are subject to the exhaustion requirement of Section 1997e(a). See Hartsfield v. Vidor, 199 F.3d 305, 308 (6th Cir. 1999); Freeman v. Francis, 196 F.3d 641, 642-44 (6th Cir. 1999). A prisoner may not abandon the grievance process before its full completion nor unilaterally choose not to pursue a grievance based on his own belief that a grievance would be futile. Hartsfield, 199 F.3d at 309.

The plaintiff has admitted that he chose not to pursue his claims through the administrative grievance process which is available at the SCCC. He has not set forth any basis which would justify ignoring the exhaustion requirement set out by Section 1997e(a). Although the plaintiff cites to the case "Wineen v. Borghard" in support of his response in opposition, the Court was unable to locate such a case. Accordingly, this action should be dismissed without prejudice.

### III. PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND FOR A TEMPORARY RESTRAINING ORDER

Because the plaintiff's failure to exhaust is dispositive of the entire case, there is no need to address the issues raised in the motions filed by the plaintiff. The Court has, however, reviewed both motions and finds that neither motion contains any

issue or argument which either negates the validity of the defendants' motion to dismiss or requires resolution prior to or in lieu of the motion to dismiss.

### RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) the defendants' motion to dismiss (Docket Entry No. 39) be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE in its entirety because of the plaintiff's failure to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a);

2) the plaintiff's motion (Docket Entry No. 45) to proceed with amended complaint, and motion asking the honorable court to order counsel of record to stop procrastinating with scheduling order on merit be DENIED;

3) the plaintiff's motion for partial summary judgment (Docket Entry No. 46) and motion for a temporary restraining order (Docket Entry No. 47) be DENIED as moot; and

4) the defendants' motion (Docket Entry No. 50) for an extension of time within which to respond to the plaintiff's motion for partial summary judgment be DENIED as moot.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be

deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge